Richard AUSTIN

v.

COMMISSIONER OF CORRECTION.

Civ. No. 3–91–573 (WWE).

United States District Court,
D. Connecticut.

Dec. 3, 1992.

234

Richard Austin, pro se.

James A. Killen, Julia Dicocco Dewey, Office Of The Chief St. Atty., Wallingford, CT, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Respondent, the Commissioner of Correction, has moved for summary judgment pursuant to Fed.R.Civ.P. 56 on the grounds that count one of the petition fails to state a claim upon which relief can be granted and that there exists an adequate and independent state law ground precluding federal habeas corpus review of count two. For the reasons set forth below, the motion for summary judgment will be granted.

*Facts*

In March 1981, petitioner Richard Austin was convicted of first degree robbery and first degree sexual assault following a jury trial. On appeal, the Connecticut Supreme Court affirmed the conviction, 195 Conn. 496, 488 A.2d 1250. In 1986, the Second Circuit in *Alston v. Manson,* 791 F.2d 255 (2d Cir. 1986), ruled that Connecticut's jury selection statute, Conn.Gen.Stat. § 51–220, violated the equal protection clause. Subsequently, a large number of prisoners who were convicted by juries chosen pursuant to § 51–220 filed petitions for writs of habeas corpus in the state court.

Petitioner was one of the prisoners who filed one of those petitions. He filed his petition in February 1986. In his petition, he raised for the first time an equal protection challenge to the Connecticut jury selection statute, Conn.Gen.Stat. § 51–220, in effect at the time of his trial. Petitioner also alleged ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. This petition was denied by the state habeas court in October 1986. Although petitioner filed an appeal of this decision, he withdrew it in March 1987.

Petitioner filed a second petition for a writ of habeas corpus in July 1986. For the second time, petitioner challenged the jury array statute but did not reassert his claim of ineffective assistance of counsel. At the hearing on this second petition, petitioner's trial attorney testified that he knew of other cases in which a jury array challenge had been raised and rejected, but nevertheless raised the claim. However, after discussing the matter with petitioner, both petitioner and his attorney agreed not to present evidence at trial regarding the jury array challenge. Thus, the trial court denied the motion. After several days of hearings, the state habeas court denied petitioner's second petition.

Petitioner then appealed the decision of the state habeas court, and his appeal was consolidated with thirty other state habeas appeals presenting similar challenges to the state jury selection statute. On this habeas

appeal, the Connecticut Supreme Court refused to reach the merits of petitioner's equal protection claim because he failed to pursue his challenge to the jury array in a timely fashion, as required by Connecticut Practice Book § 811, and failed to show cause for the procedural default.

### Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

■ After careful review, it is clear that respondent is entitled to summary judgment as a matter of law on count one of the petition. Count one asserts that the Connecticut Supreme Court inappropriately applied a cause and prejudice standard in reviewing the state habeas petition. This count, however, fails to allege a federal constitutional violation as required by 28 U.S.C. § 2254. Indeed, the Connecticut Supreme Court's decision to apply a cause and prejudice standard for state habeas corpus proceedings merely imitates the standard for federal habeas corpus proceedings set forth by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Thus, count one of the petition fails to state a claim upon which federal habeas corpus relief can be granted.

Count two of the petition argues that the state statute governing jury array selection at the time of petitioner's trial resulted in juries with a disproportionately large number of jurors from smaller towns, where fewer blacks live, thereby violating petitioner's

equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution. As stated above, the Connecticut Supreme Court refused to rule on the merits of this claim because petitioner did not raise it before trial or on direct appeal, as required by Connecticut Practice Book § 811, and failed to show cause for the default. *See Johnson v. Commissioner*, 218 Conn. 403, 409, 589 A.2d 1214 (1991).

It is well established that when a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). The rationale for this rule is two-fold. First, federalism concerns require respect for state procedural rules. Second, both the "individual criminal defendant and society have an interest in insuring that there will" be an end to litigation. *Id.* 111 S.Ct. at 2563–2565 (quoting *Sanders v. United States*, 373 U.S. 1, 24–25, 83 S.Ct. 1068, 1081–1082, 10 L.Ed.2d 148 (1963) (dissenting opinion)). Thus, the threshold issue in this action is whether petitioner can either show cause for his procedural default and actual prejudice, or can demonstrate that a failure to consider his claim will result in a fundamental miscarriage of justice.

■ Although the precise definition of cause is not settled, the Supreme Court has delineated three circumstances constituting sufficient cause for habeas review of a claim otherwise barred by a state procedural default. Cause may be found when a petitioner can show that an objective factor external to the defense impeded compliance with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Cause also may be found when a petitioner's claim is "so novel that its legal basis [was] not reasonably available to counsel" at a time when the procedural default could have been avoided. *Reed v.*

*Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). Finally, cause may be found when trial counsel's failure to raise the federal claim constituted ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. *Coleman,* 111 S.Ct. at 2567.

After careful review, it is clear that petitioner cannot show cause for his procedural default. First, petitioner has failed to show that an objective factor external to his defense prevented him from raising his challenge to the jury array at trial. Rather, during the hearing on his state habeas petition, petitioner's trial attorney testified that he had filed a number of jury array challenges in his career but did not file one in petitioner's case. There is no evidence that petitioner was prevented from raising a jury array challenge, particularly when his attorney had experience in this area.

Second, petitioner has failed to demonstrate that his claim was so novel that it was not reasonably available to him during his trial or on direct appeal. Rather, petitioner's trial attorney testified that he knew of other cases in which challenges to the jury array had been made, but that he and petitioner decided not to pursue their challenge because it would probably be unsuccessful. "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). In addition, a claim cannot be considered novel where, as in this case, it was perceived and litigated by other defendants at the time.[1] *Id.* at 132–33 and n. 41, 102 S.Ct. at 1574 and n. 41. Petitioner cannot claim, therefore, that his equal protection claim was so novel that it was unavailable to him at trial, since he raised the claim but deliberately chose not to pursue it.

Likewise, petitioner has not alleged that his trial counsel was ineffective. The mere fact that his counsel decided not to pursue every conceivable constitutional claim is insufficient to constitute a violation of petitioner's Sixth Amendment right to effective assistance of counsel. *Engle,* 456 U.S. at 134, 102 S.Ct. at 1575. Moreover, in this case, petitioner discussed the jury array challenge and decided not to pursue it on his counsel's advice. Thus, because petitioner has failed to show sufficient cause for his procedural default, there is no need to address whether petitioner has shown actual prejudice.

Further, there is no indication that a fundamental miscarriage of justice will occur if petitioner's claim is denied habeas review. Absent a showing of cause and prejudice for a procedural default, a federal court may grant habeas review of a claim in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. Petitioner has not alleged that he is actually innocent or that the jury array selection process prevented the development of true facts at trial. Therefore, petitioner has failed to satisfy the "cause and prejudice" standard, which would justify habeas review of his claim that was defaulted under Connecticut's procedural rules. Accordingly, respondent is entitled to summary judgment as a matter of law as to count two of the petition.

### Conclusion

For the reasons set forth above, the motion for summary judgment [13–1] is GRANTED.

---

1. Indeed, the federal courts and the Connecticut courts have addressed numerous cases involving challenges to jury composition. *See Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); *Cassell v. Texas,* 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950); *Norris v. Alabama,* 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935); *Neal v. Delaware,* 103 U.S. 370, 26 L.Ed. 567 (1880); *Strau-*der *v. West Virginia,* 100 U.S. 303, 25 L.Ed. 664 (1879); *Virginia v. Rives,* 100 U.S. 313, 25 L.Ed. 667 (1879); *State v. Townsend,* 167 Conn. 539, 356 A.2d 125 (1975), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975); *State v. Villafane,* 164 Conn. 637, 325 A.2d 251 (1973); *State v. Cobbs,* 164 Conn. 402, 324 A.2d 234 (1973), ·*cert. denied,* 414 U.S. 861, 94 S.Ct. 77, 38 L.Ed.2d 112 (1973).